1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TANIKO SMITH,

                              Petitioner,

        v.

BRIAN E. WILLIAMS, SR., *et al.,*

                              Respondents.

Case No.  2:12-cv-00952-MMD-VCF

ORDER

        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*.  On June 19, 2012, petitioner paid the filing fee for this action.  (dkt. no. 3.)  Therefore, the court denies petitioner's motion to proceed *in forma pauperis* (dkt. no. 1) as moot.

        Petitioner has filed a motion for the appointment of counsel.  (dkt. no. 2.)  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.

*See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The claims in this case are not especially complex, and petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion.  Therefore, it does not appear that counsel is justified in this instance.

**IT IS THEREFORE ORDERED** that the clerk shall **FILE and ELECTRONICALLY SERVE** the petition (dkt. no. 1-1) upon the respondents.  A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any statement of additional claims.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General.  The court may disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

1    **IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents

2    shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The

3    CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter

4    or letters) of the exhibits in the attachment.  **The hard copy of any additional state court record**

5    **exhibits shall be forwarded – for this case – to the staff attorneys in Reno.**

6    **IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis (dkt.

7    no. 1) is **DENIED as moot.**

8    **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of

9    counsel (dkt. no. 2) is **DENIED**.

10   DATED THIS 8th day of August, 2012.

11

12   _____

13   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28