UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TANIKO SMITH, | Case No. 2:12-cv-00952-MMD-VCF |
| Petitioner, | |
| v. | ORDER |
| BRIAN E. WILLIAMS, SR., et al., | |
| Respondents. | |

The Court directed petitioner to show cause why this action should not be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244(b). Petitioner has submitted a motion for a showing of cause (dkt. no. 13). The Court finds that petitioner has shown good cause not to dismiss this action for being a second or successive petition. However, the Court's review of the state-court dockets has revealed the possibility that this action is premature and completely unexhausted. Petitioner will need to show cause why the Court should not dismiss the action for lack of exhaustion.

On March 28, 1997, petitioner was convicted in state district court of first-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, two counts of robbery with the use of a deadly weapon, and attempted robbery with the use of a deadly weapon. Petitioner's efforts to gain relief from the judgment, in state court or in federal court, were unsuccessful until 2007. On January 30, 2007,

petitioner filed in state district court a post-conviction habeas corpus petition. The state district court granted petitioner relief, overturning and vacating the convictions and sentences for first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. The respondents appealed. On January 20, 2009, the Nevada Supreme Court reversed the district court. It found that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726 and that petitioner had not shown good cause to excuse the procedural defect. The Nevada Supreme Court remanded the case to the district court for further proceedings. On March 14, 2012, the state district court entered a second amended judgment of conviction that reinstated the convictions and sentences for first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. In *Smith v. State*, No. 60575, petitioner has appealed to the Nevada Supreme Court the entry of the second amended judgment of conviction.[1]

The Court agrees with petitioner that this action is not a second or successive petition pursuant to 28 U.S.C. § 2244(b). Petitioner has filed two earlier petitions in this court, 2:99-cv-01691-PMP-LRL and 3:02-cv-00121-DWH-VPC. The court dismissed the 1999 petition because petitioner had failed to exhaust his available state-court remedies. The court dismissed the 2002 petition because it was untimely. The dismissal of the 2002 petition makes any subsequent federal habeas corpus petition challenging the judgment of conviction a second or successive petition that must comply with 28 U.S.C. § 2244(b). However, petitioner is not challenging the 1997 judgment of conviction. This action is petitioner's first petition that challenges the 2012 second amended judgment of conviction. "[T]he latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (*quoting Magwood v. Patterson,*

---

[1]The Court takes judicial notice of the Nevada Supreme Court's docket. http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28740 (report generated April 10, 2013).

2

130 S. Ct. 2788, 2802 (2010)). Consequently, this action is not a second or successive petition.

However, the Court's review of the state-court docket shows that petitioner's direct appeal from the second amended judgment of conviction is still pending before the Nevada Supreme Court. "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983).[2] Consequently, this action appears to be premature and unexhausted. Petitioner needs to show cause why the Court should not dismiss this action.

IT IS THEREFORE ORDERED that petitioner's motion for a showing of cause (dkt. n. 13) is GRANTED.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action for lack of exhaustion in the state courts. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 11th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] The court of appeals has clarified that the rule *Sherwood* applies to pending direct appeals, and not to pending state post-conviction proceedings. *Henderson v. Johnson,* F.3d, 2013 WL 28579, at *2 (9th Cir. Jan. 3, 2013). *Henderson* is inapplicable to petitioner because his pending state-court proceeding is a direct appeal.