# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TANIKO SMITH,

    Plaintiff,

vs.

BRIAN E. WILLIAMS, et al.,

    Defendants.

Case No. 2:12-cv-00952-APG-VCF

**ORDER**

In its order (Dkt. #14) of April 11, 2013, the court did two things. First, it directed petitioner to show cause why the action should not be dismissed as unexhausted, because petitioner's direct appeal from the second amended judgment of conviction still was pending in the Nevada Supreme Court. On May 15, 2013, the Nevada Supreme Court affirmed the second amended judgment. Ex. F (Dkt. #19).[1] The question of exhaustion due to a pending direct appeal no longer is an issue.

Second, the court determined that this action was not a second or successive petition, subject to the restrictions of 28 U.S.C. § 2244(b), because the petition was challenging the second amended judgment of conviction for the first time. Order, at 2-3 (#14) (quoting *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012), cert. denied 133 S. Ct. 2336 (2013)). Respondents have filed a motion for reconsideration, docketed as objections (#19), to this determination. The court is not persuaded, and the court denies the motion.

---

[1] The exhibits that the court cites in this order are attached to respondents' motion for reconsideration (Dkt. #19).

1    The Supreme Court first addressed the interplay of amended judgments and the successive-petition bar of § 2244(b) in *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010). In 1981, Magwood, the petitioner, was convicted of murder and sentenced to death. In a federal habeas corpus petition filed in 1983,[2] he received relief from the death penalty because the state trial court had failed to find statutory mitigating circumstances. *Id.* at 2793. The state trial court held a new sentencing proceeding in 1986, made the required findings, again sentenced Magwood to death, and entered an amended judgment. *Id.* In a federal habeas corpus petition filed in 1997, Magwood claimed that his sentence was unconstitutional because he did not receive fair warning at the time of the offense that he would be subject to the death penalty. *Id.* at 2794. Magwood could have raised this claim in his 1983 federal petition, but he did not. Magwood also claimed in his 1997 federal petition that his counsel in the 1986 resentencing proceeding provided ineffective assistance. Magwood could not have raised that claim in his 1983 federal petition because the events had not occurred.

The Court rejected the argument that § 2244(b) allows a petitioner only one opportunity to present a particular <u>claim</u>. The text did not support a one-opportunity rule:

> Magwood, in contrast, reads § 2244(b) to apply only to a "second or successive" application challenging the same state-court <u>judgment</u>. According to Magwood, his 1986 resentencing led to a new judgment, and his first application challenging that new judgment cannot be "second or successive" such that § 2244(b) would apply. We agree.

*Id.* at 2796 (emphasis in original). The Court also rejected the argument that a one-opportunity rule was consistent with the purpose behind § 2244(b). Congress allowed the filing of a second or successive petition if the petitioner could satisfy certain requirements. 28 U.S.C. § 2244(b)(2). The Court determined that the one-opportunity rule would dilute some of those requirements. 130 S. Ct. at 2799.

*Magwood* involved only a challenge to a sentence imposed in an amended judgment. It did not involve a challenge to the underlying conviction for murder. The 1986 amended judgment did

---

[2] Magwood also pursued post-conviction relief in state court. The state-court proceedings are not relevant to whether a federal habeas corpus petition is successive within the meaning of § 2244(b).

not change the conviction for murder. The Supreme Court left open the question whether a subsequent habeas corpus petition challenging parts of an amended judgment of conviction that were not disturbed could be a second or successive petition within the meaning of § 2244(b). 130 S. Ct. at 2802-03.

The Court of Appeals for the Ninth Circuit answered that question in *Wentzell v. Neven*. Wentzell pleaded guilty in 1996 in Nevada state court to solicitation to commit murder, principal to the crime of attempted murder, and principal to the crime of theft. In 1998, he filed a federal habeas corpus petition in this court, which dismissed the petition because it was untimely. Wentzell then filed a post-conviction habeas corpus petition in state court. The state court granted relief, ruling that he could not have been convicted of both solicitation to commit murder and principal to the crime of attempted murder. In 2009, the state court entered an amended judgment of conviction that convicted Wentzell of principal to the crime of attempted murder and principal to the crime of theft. The sentences for those two crimes remained the same. In 2010, Wentzell filed another federal habeas corpus petition, challenging the amended judgment of conviction. This court dismissed the petition as untimely and successive. The court of appeals reversed on both reasons.[3] On the question of whether the petition was successive, the court of appeals held, "[W]e conclude, as a matter of first impression, that the basic holding of *Magwood* applies here: the latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" *Wentzell*, 674 F.3d at 1127 (quoting *Magwood*, 130 S. Ct. at 2802). The Ninth Circuit adopted the reasoning of the Court of Appeals for the Second Circuit. "In light of *Magwood*, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." *Johnson v. U.S.*, 623 F.3d 41, 46 (2d Cir. 2010).[4]

---

[3] The reversal on the timeliness is not relevant to the issue before the court in this case.

[4] *Johnson* involved a motion attacking a federal criminal sentence pursuant to 28 U.S.C. § 2255. The successive-petition restriction of § 2255(h) incorporates § 2244(b).

-3-

To the extent that a petition challenging an amended judgment of conviction raised claims that could have been raised in an earlier petition, both *Wentzell* and *Magwood* noted that the proper method of disposing of such claims is through application of procedural default rules. *Wentzell*, 674 F.3d at 1127 (citing *Magwood*, 130 S. Ct. at 2801-02).

In the current action, petitioner ultimately never has received any relief. On March 28, 1997, petitioner was convicted in state district court of first-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, two counts of robbery with the use of a deadly weapon, and attempted robbery with the use of a deadly weapon. Ex. A (Dkt. #19). Petitioner appealed, and the Nevada Supreme Court affirmed on December 3, 1998. *Smith v. State*, 988 P.2d 864 (Nev. 1998) (table disposition). Petitioner then filed a federal habeas corpus petition in this court on December 2, 1999, case number 2:99-cv-01691-PMP-LRL. The court dismissed the petition because petitioner had not exhausted his available state-court remedies. Petitioner filed a post-conviction habeas corpus petition in state court on October 30, 2000. Ultimately, the Nevada Supreme Court determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). *Smith v. State*, No. 37387 (Nev. Nov. 20, 2001).[5]

On January 30, 2002, petitioner filed another post-conviction habeas corpus petition in state court. The Nevada Supreme Court determined that this petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). *Smith v. State*, No. 39860 (Nev. Apr. 10, 2003).[6] While that state-court petition was pending, petitioner filed another federal habeas corpus petition in this court, case number 3:02-cv-00121-DWH-VPC. The court appointed the Federal Public Defender to represent petitioner. The court determined that the petition was untimely pursuant to 28 U.S.C. § 2244(d), and the court of appeals denied a certificate of appealability. On February 23, 2005, petitioner filed in state district court a motion to correct an illegal sentence. The state district court denied the motion. The Nevada Supreme Court affirmed, noting that petitioner's arguments were outside the narrow scope

---

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=3321 (report generated May 20, 2014).

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=7711 (report generated May 20, 2014).

allowed for such a motion. *Smith v. State*, No. 45258 (Nev. Nov. 10, 2005).[7] Petitioner filed another federal habeas corpus petition, case number 2:06-cv-00976-RCJ-RJJ. The court dismissed this action as successive pursuant to 28 U.S.C. § 2244(b).[8]

On January 30, 2007, petitioner filed in state district court another post-conviction habeas corpus petition. This time, the state district court granted petitioner relief, overturning and vacating the convictions and sentences for first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. It entered an amended judgment on August 21, 2007. Ex. B (Dkt. #19). The respondents appealed. On January 20, 2009, the Nevada Supreme Court reversed the district court. It found that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726 and that petitioner had not shown good cause to excuse the procedural defect. The Nevada Supreme Court remanded the case to the district court for further proceedings. Ex. C (Dkt. #19). On July 2, 2009, before the state district court did anything on the remand, petitioner asked the court of appeals for authorization to file a second or successive petition, case number 09-72049. The court of appeals denied that request on January 20, 2010. On March 14, 2012, the state district court entered a second amended judgment of conviction that reinstated the convictions and sentences for first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. Ex. E (Dkt. #19). Petitioner appealed. The Nevada Supreme Court affirmed on May 15, 2013. Ex. F (Dkt. #19).

The court is not persuaded by respondents' attempt to distinguish *Wentzell*. Respondents note that the amended judgment at issue in *Wentzell* was a change from the original judgment. In contrast, respondents argue, the second amended judgment is identical to the original judgment and by the trial judge's own statements is intended to reinstate the original judgment. Respondents state:

---

[7] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=13112 (report generated May 20, 2014).

[8] The dismissal of 3:02-cv-00121-DWH-VPC as untimely operated as a dismissal on the merits for the purposes of § 2244(b). That dismissal made 2:06-cv-00976-RCJ-RJJ successive. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

> The rule in *Magwood* makes at least a certain amount of sense: where a petitioner receives a new sentencing hearing, there should be an opportunity at a minimum to address errors which occur during that proceeding. The rule in *Wentzell* makes less sense but can at least be read to apply in situations where a judgment is in fact altered in some way, thereby providing an opportunity to address errors arising from that alteration.

Motion, at 7 (Dkt. #19). Respondents' interpretations of *Magwood* and *Wentzell* are incorrect. Implicit in the above-quoted passage is an argument that petitioner already had the opportunity to raise in an earlier federal petition the claims that he raises now. *Magwood* has explicitly rejected the notion that § 2244(b) applies to individual claims. 130 S. Ct. at 2798. Section 2244(b) applies to a petition as a whole, and a petition that challenges a particular judgment. If a petition challenges the validity of a new judgment, then § 2244(b) simply is inapplicable. *Id.* at 2796.

The distinction in the procedural history between this case and *Wentzell* also makes no difference. The judgment in *Wentzell* was altered, as respondents note, while the second amended judgment in this case is identical to the original judgment. However, *Wentzell* was challenging only the parts of the amended judgment that were not altered.[9] There is no difference between that and petitioner's challenge to a second amended judgment that did not deviate from the original judgment.

In *In re Martin*, 398 Fed. App. 326 (10th Cir. 2010) (unpublished), the court of appeals held that *Magwood* does not apply to an amended judgment that corrects a clerical error. Even assuming that *In re Martin* could be applicable in this circuit in light of *Wentzell*, the court is not persuaded. Martin had been convicted of unlawful possession of a controlled drug after a former conviction of a felony. The original judgment did not mention the former conviction of a felony, and the amended judgment corrected the omission. *Id.* at 327. That was a true clerical error. In petitioner's case, the trial court entered a second amended judgment because, after being reversed by the Nevada Supreme Court, the first amended judgment no longer was valid. Entry of a second amended judgment under these circumstances is not mere correction of a clerical error.

---

[9] Wentzell could not have challenged any new parts of the amended judgment because there were no new parts. The amended judgment in his case deleted a conviction for a count.

For these reasons, the court denies respondents' motion for reconsideration (Dkt. #19).

Petitioner has submitted a motion for appointment of counsel (Dkt. #20). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). The court had denied an earlier motion for appointment of counsel because it determined that the claims were not particularly complex, and petitioner was capable of presenting his claims with clarity and organization. Order (Dkt. #4). The issues have become complex. Some grounds might be procedurally defaulted. Some grounds might be unexhausted. Counsel will be of assistance in that matter. The court will appoint the Federal Public Defender provisionally. The court notes that the Federal Public Defender did represent petitioner previously, in case number 3:02-cv-00121-DWH-VPC.

Petitioner has submitted a motion to amend (Dkt. #6). The motion does not comply with Local Rule 15-1, which requires petitioner to attach a fully-contained proposed amended pleading. Instead, petitioner listed the new grounds that he wishes to add in the body of the motion itself. Nonetheless, the court will grant the motion under the circumstances of this case. The court will be appointing counsel, and the court will give counsel the opportunity to file an amended petition. If the court denied the motion to amend (Dkt. #6), and if counsel wanted to raise some of the grounds that petitioner presents in the motion to amend, then those grounds might be untimely pursuant to 28 U.S.C. § 2244(d) through no fault of petitioner.

The docket contains a motion for reconsideration by petitioner (Dkt. #20). This is actually petitioner's opposition to respondents' motion for reconsideration. The court has considered the document in connection with respondents' motion for reconsideration, but the court will take no independent action upon this document.

Petitioner has submitted a motion to stay proceedings (Dkt. #15), a motion for status check (Dkt. #24), a motion for clarification (Dkt. #25), and a motion to lift stay (Dkt. #27). These motions are moot because of the Nevada Supreme Court's decision on the second amended judgment, this court's denial of respondents' motion for reconsideration, and this court's granting of petitioner's motion for appointment of counsel.

1   **IT IS THEREFORE ORDERED** that respondents' motion for reconsideration, docketed
2   as objections (Dkt. #19), is **DENIED**.
3   **IT IS FURTHER ORDERED** that the court need take no action upon petitioner's motion
4   for reconsideration (Dkt. #20).
5   **IT IS FURTHER ORDERED** that petitioner's motion to amend (Dkt. #6) is **GRANTED**.
6   **IT IS FURTHER ORDERED** that petitioner's motion to stay proceedings (Dkt. #15),
7   motion for status check (Dkt. #24), motion for clarification (Dkt. #25), and motion to lift stay (Dkt.
8   #27) are **DENIED** as moot.
9   **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Dkt.
10  #26) is **GRANTED**.  The Federal Public Defender is provisionally appointed to represent
11  petitioner.
12  **IT IS FURTHER ORDERED** that the Federal Public Defender shall have thirty (30) days
13  from the date that this order is entered to undertake direct representation of petitioner or to indicate
14  to the court his inability to represent petitioner in these proceedings.  If the Federal Public Defender
15  does undertake representation of petitioner, he shall then have sixty (60) days to file an amended
16  petition for a writ of habeas corpus.  If the Federal Public Defender is unable to represent petitioner,
17  then the court shall appoint alternate counsel.
18  **IT IS FURTHER ORDERED** that neither the foregoing deadline nor any extension thereof
19  signifies or will signify any implied finding of a basis for tolling during the time period established.
20  Petitioner at all times remains responsible for calculating the running of the federal limitation
21  period and timely asserting claims.
22  **IT IS FURTHER ORDERED** that the clerk shall electronically serve the Federal Public
23  Defender with a copy of the petition (Dkt. #5), a copy of the motion to amend (Dkt. #6), and a copy
24  of this Order.
25  **IT IS FURTHER ORDERED** that any exhibits filed by the parties shall be filed with a
26  separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments
27  that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits
28  / / /

in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

Dated: May 28, 2014.

					_____
					ANDREW P. GORDON
					United States District Judge