# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TANIKO C. SMITH,

    Petitioner

v.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No.: 2:12-cv-00952-APG-VCF

**Order**

Taniko C. Smith, a Nevada prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. I deny Smith's habeas petition, grant him a certificate of appealability, and direct the Clerk of the Court to enter judgment accordingly.

**I.  BACKGROUND**

In my previous order, dated September 30, 2015, I described the crime as revealed by the evidence at Smith's trial as follows:

> Petitioner and three others robbed Christopher Brown and Mario Wesley in the parking lot of a restaurant. Brown grabbed his gun, shot at the robbers, in turn was shot through the legs, and fled. Wesley laid on the ground pleading for his life. Petitioner and the three others started walking away. One of the other robbers, Richard Gaston, turned around and shot Wesley. Petitioner stood by while this happened. Then all four together walked away from the restaurant. Wesley later died.

ECF No. 54 at 6 (citing ECF No. 39 at 59-60). Following a jury trial, Smith was found guilty of first-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, two counts of robbery with the use of a deadly weapon, and attempted robbery with the use of a deadly weapon. ECF No. 40-10. The Nevada Supreme Court affirmed Smith's convictions on December 3, 1998. ECF No. 41-3.

Smith filed a federal habeas petition on December 2, 1999, case number CV-S-99-1691-PMP-LRL. ECF No. 41-5. This court dismissed the petition because Smith had not exhausted his available state-court remedies. ECF No. 41-10. Smith filed a state habeas petition on October 30, 2000. ECF No. 41-13, 41-14, 41-17. The state district court denied Smith's petition, and the Nevada Supreme Court affirmed, determining that the petition was untimely under Nev. Rev. Stat. § 34.726(1). ECF No. 41-26, 41-27.

On January 30, 2002, Smith filed another state habeas petition. ECF No. 41-29, 42. The state district court denied the petition, and the Nevada Supreme Court affirmed, again determining that the petition was untimely. ECF No. 42-11, 42-18. The Nevada Supreme Court denied rehearing on May 13, 2003. ECF No. 42-20.

While Smith's second state habeas petition was pending, he filed another federal habeas petition in this court on March 26, 2002, case number CV-N-02-0121-HDM-VPC. ECF No. 42-4. This court appointed the Federal Public Defender to represent Smith. ECF No. 42-3. Smith filed a counseled, amended petition, and the respondents moved to dismiss. ECF No. 42-13, 42-15. This court determined that the petition was untimely under 28 U.S.C. § 2244(d) and denied a certificate of appealability. ECF No. 43, 43-4. The Ninth Circuit denied a certificate of appealability. ECF No. 43-6.

On April 8, 2005, Smith moved to correct an illegal sentence in the state district court. ECF No. 43-8. The state district court denied the motion. ECF No. 43-11. The Nevada Supreme Court affirmed, noting that Smith's arguments were outside the narrow scope allowed for such a motion, that the doctrine of the law of the case prevented further litigation of the issues raised by Smith, and that Smith's claims did not appear to implicate the jurisdiction of the state district court. ECF No. 43-13.

Smith filed another federal habeas petition on January 25, 2006, case number 3:06-cv-00003-RCJ-VPC. ECF No. 43-15. This court dismissed the action as successive under 28 U.S.C. § 2244(b). ECF No. 43-17. The Ninth Circuit denied Smith's application for authorization to file a successive federal habeas petition. ECF No. 43-20. On August 14, 2006, Smith filed another federal habeas petition, case number 06-cv-00976-RCJ-RJJ. ECF No. 43-21. The respondents moved to dismiss the petition. ECF No. 44-1. This court granted the motion. ECF No. 44-13.

On January 31, 2007, Smith filed another state habeas petition. ECF No. 44. The state district court granted Smith's petition, overturning his convictions for murder and attempted murder and vacating his sentence. ECF No. 44-6. The state district court entered an amended judgment of conviction on August 21, 2007. ECF No. 44-5. On January 20, 2009, the Nevada Supreme Court reversed and remanded, finding that the petition was untimely under Nev. Rev. Stat. § 34.726 and that Smith had not shown good cause to excuse the procedural defect. ECF No. 44-14. The Nevada Supreme Court denied rehearing and en banc reconsideration. ECF No. 44-16, 44-19. The United States Supreme Court denied Smith's petition for a writ of certiorari. ECF No. 45-3.

On July 2, 2009, before the state district court did anything on the remand, Smith asked the Ninth Circuit for authorization to file a successive petition, case number 09-72049. ECF No. 45. The Ninth Circuit denied the application on January 20, 2010. ECF No. 45-5. On March 14, 2012, the state district court entered a second amended judgment of conviction, reinstating the convictions and sentences for first-degree murder and attempted murder. ECF No. 45-6. Smith appealed, and the Nevada Supreme Court affirmed on May 15, 2013. ECF No. 46-3.

Smith filed another federal habeas petition on April 5, 2012, case number 2:12-cv-00570-GMN-PAL. ECF No. 45-8. This court dismissed the petition without prejudice due to Smith's failure to submit an in forma pauperis application. ECF No. 45-9.

Smith's current federal habeas petition was filed on August 8, 2012. ECF No. 5. Smith moved to amend this petition on August 17, 2012. ECF No. 6. The respondents opposed the motion arguing, among other things, that this petition was successive. ECF No. 9-1. This court issued an order on August 23, 2012, for Smith to show cause why his present petition should not be dismissed as a successive petition due to his failure to first obtain an order from the Ninth Circuit authorizing this court to consider the petition. ECF No. 11. Smith responded to the order to show cause on September 4, 2012. ECF No. 13. On April 11, 2013, this court found that Smith had shown good cause not to dismiss his petition for being successive; however, this court's review of the state-court dockets revealed the possibility that this action was premature and unexhausted. ECF No. 14. Thus, this court issued another order to show cause why this court should not dismiss the action for lack of exhaustion. *Id.* Thereafter, this action was reassigned to me for all further proceedings. ECF No. 17.

Smith moved to stay the proceedings, for a status check, for clarification, for the appointment of counsel, and to lift the stay. ECF No. 15, 24, 25, 26, 27. The respondents moved for reconsideration of the April 11, 2013 order. ECF No. 19. On May 28, 2014, I denied the respondents' motion for reconsideration, granted Smith's previous motion to amend, appointed counsel for Smith, and denied Smith's motions for a stay, for a status check, for clarification, and to lift the stay. ECF No. 29. I also explained that the question of exhaustion was no longer an issue following the Nevada Supreme Court's order dated May 15, 2013. *Id.*

Smith filed a counseled, amended petition and an errata to the amended petition on November 17, 2014, and December 5, 2014, respectively. ECF No. 35, 47. The respondents moved to dismiss Smith's amended petition. ECF No. 49. On September 30, 2015, I granted the motion, dismissed the action with prejudice as untimely, and directed the clerk of the court to close this action. ECF No. 54. In my analysis of whether Smith established actual innocence to excuse a violation of the statute of limitations, I concluded that the aiding and abetting jury instruction used at Smith's trial complied with *Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). *Id.* at 5. Judgment was entered in favor of the respondents. ECF No. 55.

Smith appealed. ECF No. 56. On September 8, 2017, the Ninth Circuit reversed the dismissal of the petition, holding that "whenever there is a new judgment by the state court, the procedural limitation on second or successive habeas petitions under AEDPA applies anew." ECF No. 62 at 7. The Ninth Circuit remanded the matter for further proceedings. *Id.* at 11. The Ninth Circuit also indicated that "[t]here is no procedural hurdle to Smith's making his *Sharma* claims on the merits," and if I "reject[ ] that claim on the merits, Smith will then have the opportunity to appeal that decision." *Id.* at 11.

Smith moved for dismissal of Ground Two and Ground Three of his amended petition. ECF No. 66. I granted the motion. ECF No. 67. Accordingly, Smith's amended petition contains only a single remaining ground: the aiding and abetting jury instruction used at his trial violated *Sharma*. ECF No. 35. The respondents answered this remaining ground (ECF No. 76) and Smith filed a reply (ECF No. 79).

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) sets forth the standard of review generally applicable in habeas corpus cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

5

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409-10) (internal citation omitted).

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a

strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the standard as a "difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

## III. DISCUSSION

Smith argues that his federal constitutional rights were violated when the jury convicted him under a faulty aiding and abetting liability theory that did not require the State to prove all the elements of the crime. ECF No. 35 at 10. Specifically, Smith contends the aiding and abetting jury instruction improperly failed to provide that the State must prove that he had the specific intent to commit murder and attempted murder; rather, the instruction only contained a general intent requirement. *Id.* at 12; ECF No. 79 at 20. Smith contends that this error cannot be considered harmless because the evidence did not demonstrate his guilt for murder and attempted murder under any of the three alternative theories of liability. ECF No. 35 at 14-16. Contrarily, the respondents argue that the aiding and abetting jury instruction required the jury to find specific intent and that any error was harmless because there was sufficient evidence of Smith's specific intent to convict him of murder and attempted murder. ECF No. 76 at 5-6.

In the State's appeal of the order granting Smith's state habeas petition, the Nevada Supreme Court held:

> In his petition, respondent asserted that his convictions for murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon were based on aiding and abetting jury instructions that violated *Sharma v. State*. He claimed that this court's decision in *Mitchell v. State*, which held that *Sharma* should be applied retroactively, constituted good cause for his failure to raise this claim in a timely petition.

7

> We conclude that the district court erred in finding that respondent demonstrated good cause sufficient to excuse his procedural defects. In *Sharma*, we rejected the natural and probable consequences doctrine and held that "in order for a person to be held accountable for the specific intent crime of another under an aiding and abetting theory of principal liability, the aider and abettor must have knowingly aided the other person with the intent that the other person commit the charged crime." In *Mitchell*, this court held that *Sharma* was a clarification of the law. As *Sharma* reflects a clarification of the law, the underlying reasoning in *Sharma* existed at the time of respondent's trial and presented a basis for which appellant could have presented a claim on direct appeal. Additionally, respondent failed to establish prejudice. The jury was not instructed in accordance with the natural and probable consequences doctrine. Rather, the jury was properly instructed "[a] person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice, the commission of such crime." Therefore, we conclude that the district court erred in finding that respondent established good cause and prejudice to excuse the filing of an untimely habeas petition.

ECF No. 44-14 at 3-6. The Nevada Supreme Court's ruling regarding the merits of Smith's claim was reasonable.

The Amended Indictment accused Smith of murder with the use of a deadly weapon "under the following theories of criminal liability, to-wit: (1) Premeditation; (2) Felony Murder . . . ; (3) Aiding or Abetting." ECF No. 36-14 at 2-3. The Amended Indictment also accused Smith of attempted murder with the use of a deadly weapon and provided that Smith, his co-defendant Richard Gaston, Darnell Robinson, and Rodney Harris "aid[ed] or abet[ed] each other by counsel and encouragement and by entering into a course of conduct." *Id.* at 3. The jury was instructed regarding aiding and abetting as follows:

> Where two or more persons are accused of committing a crime together, their guilt may be established without proof that each personally did every act constituting the offense charged.
>
> All persons concerned in the commission of a crime who either directly or actively commit the act constituting the offense or who knowingly and with criminal intent aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof.

8

> A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice, or by act and advice, the commission of such crime.
>
> The state is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

ECF No. 40-2 at 55 (Jury Instruction No. 44). Regarding intent generally, the jury was instructed: "[i]ntent refers only to the state of mind with which the act is done." *Id.* at 22. The jury found Smith guilty of murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. ECF No. 40-3 at 2-3. The jury's reliance on a particular theory of liability is unclear. *Cf. Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) ("A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one."). The jury later confirmed that its verdict for murder with the use of a deadly weapon was first-degree murder. ECF No. 40-4 at 10-11.

      Issues relating to jury instructions are not cognizable in federal habeas corpus unless they violate due process. *Estelle v. McGuire,* 502 U.S. 62, 72 (1991); *see also Gilmore v. Taylor*, 508 U.S. 333, 342 (1993) ("[W]e have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error."). The question is "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process', . . . not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)). Furthermore, jurors are presumed to follow the instructions that they are given. *United States v. Olano*, 507 U.S. 725, 740 (1993). Even if an instruction contains constitutional errors, the court must then "apply the harmless-error analysis mandated by *Brecht*[ *v. Abrahamson*, 507 U.S. 619

(1993)]." *Calderon v. Coleman,* 525 U.S. 141, 146 (1998). The question is whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 145.

At the time of Smith's trial in 1996, the law in Nevada on the mental state required to convict an aider or abettor was inconsistent. *See Sharma v. State*, 56 P.3d 868, 872 (Nev. 2002). "In one line of cases, for example, [the Nevada Supreme Court] required the State to show that the defendant knowingly and intentionally aided another to commit the charged crime." *Id.* (citing *Tanksley v. State*, 944 P.2d 240 (Nev. 1997), as an illustrative example of this line of cases). Following Smith's trial, in 1998, the Nevada Supreme Court abandoned this line of cases and instead adopted the "natural and probable consequences doctrine," which held "aiders and abettors . . . criminally responsible for all harms that [we]re a natural, probable, and foreseeable result of their actions." *Mitchell v. State*, 971 P.2d 813, 820 (Nev. 1998), *overruled in relevant part by Sharma*, 56 P.3d at 872. Years later in 2002, the Nevada Supreme Court stepped back from *Mitchell* and narrowed the definition of aiding and abetting by holding that "in order for a person to be held accountable for the specific intent crime of another under an aiding or abetting theory of principal liability, the aider or abettor must have knowingly aided the other person with the intent that the other person commit the charged crime." *Sharma*, 56 P.3d at 872; *see also Bolden v. State*, 124 P.3d 191, 200-01 (Nev. 2005) (holding that "a defendant may not be held criminally liable for the specific intent crime committed by a coconspirator simply because that crime was a natural and probable consequence of the object of the conspiracy"), *overruled on other grounds by Cortinas v. State*, 195 P.3d 315, 324 (Nev. 2008). First degree murder and attempted murder are specific-intent crimes. *See Keys v. State*, 766 P.2d 270, 273 (Nev. 1988); *Hancock v. State*, 397 P.2d 181, 182 (Nev. 1964).

The heart of Smith's argument is that a petitioner's due process rights are violated if a jury instruction "ha[s] the effect of relieving the State of the burden of proof enunciated in *Winship* on the critical question of petitioner's state of mind." *Sandstrom v. Montana*, 442 U.S. 510, 521 (1979); *see also In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); *Evanchyk v. Stewart*, 340 F.3d 933, 939 (9th Cir. 2003) ("It is a violation of due process for a jury instruction to omit an element of the crime."). The issue at hand is whether Jury Instruction No. 44 ran afoul of *Sharma* by eliminating the requirement that the jury find that Smith had the requisite mental state, thus violating his due process rights. It did not.

The Nevada Supreme Court held that *Sharma* "applies to cases that were final [at the time] it was decided" because "*Sharma* was a clarification of the law, not a new rule." *Mitchell v. State*, 149 P.3d 33, 38-39 (Nev. 2006).[1] Because *Sharma* merely clarified the law, its renouncement of the "natural and probable consequences doctrine" signaled a return to the line of cases, illustrated by *Tanksley*, that "required the State to show that the defendant knowingly and intentionally aided another to commit the charged crime." *Sharma*, 56 P.3d at 871. Jury Instruction No. 44's language mirrors this requirement: "A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by

---

[1] Smith argues that "[t]he Nevada Supreme Court found a *Sharma* violation based on the[ ] instructions in *Mitchell*," which were identical to the instructions used in his case. ECF No. 79 at 19-20. However, the Nevada Supreme Court merely concluded that *Sharma* "applied to Mitchell," and "under *Sharma*, Mitchell should not have been convicted of attempted murder as an aider or abettor unless he . . . had the specific intent that [the victim] be killed." *Mitchell*, 149 P.3d at 38. The Nevada Supreme Court then vacated the conviction in *Mitchell* because the State "acknowledged that Mitchell did not have the specific intent to kill." *Id.* The Nevada Supreme Court did not analyze the instructions used in *Mitchell*.

11

act or advice, or by act and advice, the commission of such crime." ECF No. 40-2 at 55. Accordingly, as I held previously, "the instruction actually given at trial satisfies the requirements of *Sharma*." ECF No. 54 at 6. The Nevada Supreme Court, the final arbiter of the Nevada law reflected in the jury instruction, read the instruction in the same way. ECF No. 44-14 at 5. Because Smith fails to establish that the jury instructions "'so infected the entire trial that the resulting conviction violates due process'" (*Henderson*, 431 U.S. at 154), the Nevada Supreme Court's ruling was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). I deny Smith habeas corpus relief.[2]

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Reasonable jurists could debate my conclusion that Smith's due process rights were not violated. The Nevada Supreme Court explained that *Sharma* was not a new rule. But its ultimate holding in *Sharma* was a retreat to an earlier line of cases and might be read to establish a narrower requirement than some of those earlier cases regarding the mental state required to convict an aider and abettor of a specific-intent crime. *Compare Sharma*, 56 P.3d at 871

---

[2] Smith argues I should conduct an evidentiary hearing to properly review this claim. ECF No. 79 at 26. Because I decided this claim based on a legal issue such that a harmless-error analysis and a review of the facts is unnecessary, further factual development is also unnecessary. *See* 28 U.S.C. § 2254(e)(2).

12

(explaining that "[i]n one line of cases" before the adoption of the natural and probable consequences doctrine, the law "required the State to show that the defendant knowingly and intentionally aided another to commit the charged crime"), *with Sharma*, 56 P.3d at 871 ("hold[ing] that in order for a person to be held accountable for the specific intent crime of another under an aiding or abetting theory of principal liability, the aider or abettor must have knowingly aided the other person *with the intent* that the other person commit the charged crime." (Emphasis added)). Because Jury Instruction No. 44 did not contain the additional intent language, reasonable jurists could find debatable my conclusion that Smith's due process rights were not violated. *See Nelson v. State*, 123 Nev. 534, 548-49, 170 P.3d 517, 527 (2007) (impliedly affirming the following jury instruction: "A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice, or by act and advice, the commission of such crime *with the intention that the crime be committed*" (emphasis added)). Accordingly, I grant Smith a certificate of appealability.

## V. CONCLUSION

I THEREFORE ORDER that the First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (**ECF No. 35**) **is DENIED**.

I FURTHER ORDER that Smith is granted a certificate of appealability.

I FURTHER ORDER the Clerk of the Court to enter judgment accordingly.

Dated: December 2, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE